affirmed 180 N. Y. 533, 72 N. E. 1152; Emmerich Co. v. Sloane, 46 Misc. Rep. 513, 95 N. Y. Supp. 39, affirmed 108 App. Div. 330, 95 N. Y. Supp. 39, on opinion of court at Special Term. Had the corporation itself, therefore, brought the action upon the facts stated in this complaint, a cause of action would not have been stated.

The views thus expressed are not in conflict with what is said in South Bay Co. v. Howey, 113 App. Div. 382, 98 N. Y. Supp. 909, and Portland Co. v. The Hall & Grant Construction Co. (argued at the October term and not yet officially reported) 106 N. Y. Supp. 649. What was held in the former case was that inasmuch as it did not appear in the complaint of a foreign corporation, suing in this state, that it was a stock corporation, it was error to dismiss the complaint because it did not contain an allegation that the corporation was authorized to do business in this state, the presumption being that the corporation had a right to sue in this state, and none but foreign stock corporations came within the prohibition of the statute. In the latter case it was held that the Trial Court erred in admitting proof of the fact that plaintiff was a foreign stock corporation, in the absence of an allegation in the pleadings to that effect, and, after receiving such proof, dismissing the complaint on that ground.

I am unable, for the foregoing reasons, to concur in the opinion of Mr. Justice PATTERSON. I think the judgment appealed from should be reversed, and the demurrer sustained, with leave to plaintiff to serve an amended complaint, on payment of the costs in this court and in the court below.

INGRAHAM, J., concurs.

---

GEOGHEGAN v. UNION RY. CO. OF NEW YORK CITY.

(Supreme Court, Appellate Division, First Department. December 6, 1907.)

STREET RAILROADS—COLLISIONS WITH VEHICLES — NEGLIGENCE — EVIDENCE — QUESTIONS FOR JURY.

In an action for personal injuries sustained in a collision between a street car and plaintiff's wagon, whether defendant was negligent, and whether plaintiff in driving south on the north-bound track exercised due care, *held*, under the evidence, for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 251, 253, 255–257.]

Appeal from Term, New York County.

Action by John J. Geoghegan against the Union Railway Company of New York City. From a judgment for defendant on dismissal of the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and LAMBERT, JJ.

Stephen C. Baldwin, for appellant.
Joseph F. Daly, for respondent.

HOUGHTON, J. The plaintiff in the nighttime was driving in a baker's cart, southerly on Webster avenue in the city of New York.

Shortly before the accident there had been a fall of snow, which had melted and frozen, making the roadway slippery. At the sides and between defendant's tracks the road was rough and icy as the result of sweeping the snow therefrom. To obtain a better footing for his horses, plaintiff had taken defendant's south-bound track, and when at about 182d street a car came up behind him, and to permit it to pass he pulled over to the north-bound track. He had proceeded but a short distance on that track when he observed a car coming towards him from the south, and, as he testifies, he immediately endeavored to drive back upon the south-bound track. He had to use care that his horses did not fall, and before he succeeded in clearing the track the car struck the flank of the near horse and the wagon, throwing him therefrom, and inflicting the injuries for which he complains. A lighted lantern was attached to the front part of the top of the wagon, and the motorman, called by the plaintiff, testified that his car was going at the rate of about eight miles an hour. The trial resulted in a nonsuit from which the plaintiff appeals.

We are of the opinion that the facts testified to by the plaintiff and his witnesses made it proper for the jury to determine whether or not defendant was guilty of negligence, and whether the plaintiff, under the circumstances, exercised due care. It is true that the plaintiff was at the time of the accident on the wrong track, and on a track which the defendant's motorman had no reason to expect he would be approaching. The condition of the roadway, however, in the minds of the jury, may have been such as to excuse plaintiff in driving where he did, and also in not sooner leaving the north-bound track after he discovered the approaching car. So, also, they might have said that in view of the lighted lantern on plaintiff's wagon, aided by the headlight of the car, the motorman, in the exercise of reasonable care, should have discovered plaintiff's vehicle sooner than he did, or, in view of the moderate speed of the car, have sooner stopped it, or have made greater effort so to do.

The plaintiff made a prima facie case, and had the right to have a jury pass upon the facts for or against him, and the nonsuit was improper; and the judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.